439 P.2d 852

**STATE of Utah, Plaintiff and Respondent,**

v.

**John Robert COOK, Defendant and Appellant.**

**No. 11061.**

Supreme Court of Utah.

April 15, 1968.

John Robert Cook, pro se.

Phil L. Hansen, Atty. Gen., LeRoy S. Axland, Asst. Atty. Gen., Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from an automobile homicide[1] conviction in a case tried to a jury. Affirmed.

This is a case where defendant drove into the opposite lane of traffic in his car which was loaded with empty beer and whiskey bottles. He collided head-on with a car driven in a lawful manner by decedent's husband in his *outside* lane. The defendant recited the facts to peace officers after being properly advised of his constitutional rights under any formula espoused by Miranda[2] or Escobedo[3] or anything else,

1. Utah Code Annotated, 76-30-7.4 (1967 Supp.).
2. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977 (1964).

—as the record clearly reflects. We think it quite unnecessary to recite the circumstances.

Defendant says: 1) That his confession was elicited in violation of the cases cited above, with which urgence completely we disagree; 2) that the evidence was insufficient to sustain the verdict, with which urgence we disagree even more emphatically; and 3) that a state witness talked with a juror, which contention was refuted successfully by affidavit and otherwise. Such contention has no merit.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.